JOANOS, Chief Judge.
Antwuan Lopez Gordon has appealed from a sentence imposed outside the sentencing guidelines following revocation of probation. We reverse and remand for resentencing.
In August 1988, Gordon pled nolo conten-dere to grand theft (reduced from robbery). His guidelines score corresponded to a recommended sentence of “community control or 12-30 months incarceration,” and he was sentenced to 30 months incarceration followed by two years probation. He completed the incarcerative portion of the sentence on April 25, 1990, and commenced serving the probationary term. On May 25, 1990, Gordon was jailed on charges of burglary, aggravated battery, robbery and attempted sexual battery. He was later sentenced to life plus 40 years on these charges.
On June 4, 1990, a report of violation of probation was filed, and a hearing was held on January 8, 1991. The trial court revoked Gordon’s probation upon a finding that he had violated the condition requiring him to “remain at liberty without violating the law.” The court sentenced him to the statutory maximum of 5 years incarceration, to run concurrently with the life plus 40 year term described above.
The written judgment and sentence thereafter entered incorrectly indicate that Gordon was being sentenced for robbery, a second-degree felony, rather than grand theft, the third-degree felony to which he pled. Further, under Rule 3.701(d)(14), Florida Rules of Criminal Procedure, the trial court could only have imposed a sentence of up to 3V2 years without providing written reasons therefor; no written reasons were provided for the 5 year sentence imposed. Finally, although the written sentence awarded jail credit for the 229 days Gordon was jailed from May 25, 1990 to January 8, 1991, it did not award credit for the 30-month incarcerative portion of the original sentence, which had been completed at the time of the probation violation.
Gordon argues on appeal that the sentence must be reversed, and the case remanded for resentencing within the guidelines. The state acknowledges that Gordon’s sentencing was fraught with error. However, it maintains that, given Gordon’s entitlement to jail credit of 229 days plus 30 months (the incarcerative portion of the original sentence), in addition to the nine months now served since the imposition of sentence in January 1991, Gordon has completed the sentence and no purpose would be served by resentencing. We disagree.
The trial court clearly erred in sentencing Gordon to a term outside the guidelines without providing written reasons therefor. Contrary to the state’s argument, Gordon was not awarded credit for the 30 months already served for this offense. Thus, it appears that he is still serving the improper sentence. Further, the written judgment and sentence adjudge Gordon guilty of robbery, a second-degree felony, rather than grand theft, the third-degree felony to which he pled. If uncorrected, this scrivener’s error could subject Gordon to enhanced penalties in any future sentencing proceeding, i.e., scoring for prior convictions. For the foregoing reasons, we reverse the sentence imposed herein, and remand for resentencing within the guidelines.
Reversed and remanded with directions.
SHIVERS and ZEHMER, JJ., concur.